## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO.

SOPHIE JOANNE BALGOCHIAN,

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.    Plaintiff, Sophie Joanne Balgochian, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Flagler, and City of Palm Coast.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as well as the FCCPA.

6.      Defendant, Portfolio Recovery Associates, LLC, ("Defendant") is a limited liability company is an entity who acquires debt in default merely for collection purposes, and who was, by use of the mails and telephone, engaged in the business of attempting to collect a "debt" from Plaintiff,  as defined by 15 U.S.C. § 1692a(5) as well as the FCCPA.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.      Defendant purchases debts once owed or once due, or asserted to be once owed or once due, a creditor other than Defendant.

12.      Defendant acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default

13.     In connection with collection of an alleged debt in default (the "Debt"), Defendant has been placing calls to Plaintiff since 2002, when Defendant purchased the Debt.

14.     On several occasions during the past ten years, Plaintiff has requested that Defendant cease and desist from placing any and all telephone calls to her.

15.     Most recently, Plaintiff again requested that Defendant cease and desist from placing any and all telephone calls to her in March 2012.

16.     Despite Plaintiff's multiple cease and desist demands, and in connection with collection of the Debt, Defendant continued to place telephone calls to Plaintiff's residence including, but not limited to, calls placed on following dates and times:

- April 15, 2012 at 3:01 P.M.;
- April 17, 2012 at 3:50 P.M.;
- April 25, 2012 at 3:42 P.M.;
- April 27, 2012 at 7:07 P.M.;
- May 1, 2012 at 8:03 A.M.;
- May 3, 2012 at 8:47 A.M.;
- May 5, 2012 at 3:47 P.M.;
- May 7, 2012 at 9:00 A.M.;
- May 9, 2012 at 8:45 A.M.;
- May 9, 2012 at 6:55 P.M.;
- May 11, 2012 at 10:45 A.M.;
- May 11, 2012 at 6:42 P.M.;
- May 15, 2012 at 8:45 A.M.;
- May 15, 2012 at 4:43 P.M.;
- May 17 2012 at 2:44 P.M.;
- May 17, 2012 at 7:33 P.M.;
- May 19 2012 at 1:23 P.M.;
- May 21, 2012 at 11:23 A.M.;
- May 21, 2012 7:27 P.M.;
- May 23, 2012 at 4:46 P.M.;
- May 23, 2012 at 7:42 P.M.;
- June 2, 2012 at  8:56 A.M.;
- June 4, 2012 at 9:57 A.M.;
- June 4, 2012 at 7:45 P.M.;
- June 6, 2012 at 1:51 P.M.;
- June 6, 2012 at 6:26 P.M.;
- June 8, 2012 at 2:09 P.M.;
- June 8, 2012 at 6:40 P.M.;

- June 14, 2012 at 8:44 A.M.;
- June 14, 2012 at 6:15 P.M.;
- June 16, 2012 at 11:29 A.M.;
- June 16, 2012 at 2:20 P.M.;
- June 17, 2012 at 5:42 P.M.;
- June 19, 2012 at 8:43 A.M.;
- June 19, 2012 at 6:10 P.M.;
- June 21, 2012 8:09 A.M.;
- June 23, 2012 at 3:36 P.M.; and
- June 25, 2012 at 8:15 A.M.

17.    As a result of Defendant's continued harassing and abusive efforts to collect the Debt, Plaintiff is a nervous wreck with undue stress that causes [Plaintiff's] blood pressure to soar.

18.    Additionally, Plaintiff is afraid to answer the phone and Defendant's constant telephone calls have caused Plaintiff to check all in-coming calls before answering the telephone.

19.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## <u>COUNT I</u>
## <u>VIOLATION OF 15 U.S.C. § 1692c(a)(1)</u>

20.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

21.    Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT II**
## **VIOLATION OF 15 U.S.C. § 1692d(5)**

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

23.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## <u>COUNT III</u>
## <u>VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA</u>

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19.

25.     Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as would reasonably be expected to harass Plaintiff.

26.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, Sophie Joanne Balgochian, by and through her attorneys, respectfully prays for judgment as follows:

a)  All actual compensatory damages suffered;

b)  Emotional and/or mental anguish damages;

c)  Statutory damages of $1,000.00;

d)  Plaintiff's attorneys' fees and costs;

e)  Any other relief deemed appropriate by this Honorable Court.

## **TRIAL BY JURY**

27.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this <u>24th</u> day of <u>September</u>, 2012.

Respectfully submitted,
SOPHIE JOANNE BALGOCHIAN

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com